UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

JOSE DON REYNOSO,

Plaintiff(s),

v.

CHASE HOME FINANCE,

Defendant(s).

_______________________________________/

No. C 09-02190 MEJ

**ORDER RE DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [DKT. #13]**

Pending before the Court is Defendant Chase Home Finance LLC's Motion to Dismiss First Amended Complaint (Dkt. #13). Plaintiff Jose Reynoso has filed an Opposition (Dkt. #21), to which Defendant filed a Reply (Dkt. #25). For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Dismiss.

## I. INTRODUCTION

On May 19, 2009, Plaintiff initiated this action by filing a Complaint against Defendant. (Dkt. #1.) On July 10, 2009, after Defendant moved to dismiss the Complaint, Plaintiff filed his First Amended Complaint. (Dkt. #8.) The relevant facts, taken from Plaintiff's First Amended Complaint, are as follows.

Plaintiff alleges that on June 15, 2004, he and his wife obtained a $580,000 purchase money loan and made a $145,000 down payment on the property located at 4900 Beldin Lane, Oakley, California ("the Property"). (FAC ¶¶15, 23, 33.) The loan was secured by a deed of trust and a promissory note encumbering the Property, which were recorded in the Contra Costa County Recorder's Office on June 24, 2004. (FAC ¶23.) The deed identifies First Franklin Financial Corporation as the lender and First American Title as trustee. (FAC ¶23.) A grant deed transferring all rights, title, and interest in the property from Sandra Lynn Anjo to Plaintiff and his wife as joint

tenants was recorded on June 24, 2004, in the Contra Costa County Recorder's Office. (FAC ¶24.) Subsequently, on September 22, 2008, a substitution of trustee was recorded with the Contra Costa County Recorder's Office, pursuant to which NDEX West, LLC, was substituted as trustee for First American Title. (FAC ¶25.)

On August 14, 2008, a Notice of Default and Election to Sell under the deed of trust was recorded at the Contra Costa County Recorder's Office. (FAC ¶26.) After the Notice of Default was recorded, Plaintiff retained Home Solutions to contact Defendant to discuss a loan modification. (FAC ¶27.) Plaintiff contends that, after producing certain financial documents Defendant requested, he and Defendant reached a verbal agreement that he would make payments on a repayment plan for three months, and Defendant would then grant him a loan modification. (FAC ¶28.) However, Plaintiff avers that when he received the written agreement, it stated that he had to continue to make payments for six months, rather than three. (FAC ¶28.) According to Plaintiff, after making the six months of payments in good faith, Defendant informed him that it would not reduce the principal balance on his mortgage loan or grant him a loan modification. (FAC ¶28.) Rather, Defendant informed Plaintiff that he had to go on another "repayment plan" for another three months, after which Defendant would consider a loan modification with a reduction in interest rate, but no principal reduction. (FAC ¶28.) As a result, Plaintiff charges that Defendant has not negotiated in good faith, made false representations of material facts, and breached verbal agreements and promises it made to Plaintiff. (FAC ¶28.)

On April 21, 2009, Plaintiff sent a "RESPA" letter to Defendant, demanding to inspect the original note. (FAC ¶29.) In that letter, Plaintiff also indicated that if Defendant provided the original note, he would pay off the loan in three days. (FAC ¶29.) According to Plaintiff, Defendant failed to respond to his letter or prove that it holds the note. (FAC ¶29.) Thus, Plaintiff alleges that Defendant is not a Holder in Due Course, and lacks standing to foreclose on the Property. (FAC ¶¶30, 32.)

Plaintiff also sets forth numerous allegations regarding the origination of the loan. He alleges that he has no experience beyond basic financial matters (FAC ¶35), and that during the loan

UNITED STATES DISTRICT COURT
For the Northern District of California

origination process, the full terms of the loan were never explained to him, including information about certain fees, the interest rate, the payment schedule, the risks and advantages of the loan, the pre-payment penalties, and the maximum amount the loan could increase (FAC ¶¶36, 37). Plaintiff also alleges that a determination of whether he would be able to make the payments under the loan "was never truly made," (FAC ¶38) and his income "was never truly verified" (FAC ¶39). Rather, he avers that he was rushed into signing the loan documents and was not provided any time to review them. (FAC ¶40.) He alleges that he did not understand any of the documents and signed them "based on representations and the trust and confidence [he] placed in Defendants' (sic) predecessors." (FAC ¶41.) Based on the foregoing, Plaintiff asserts that he was the victim of fraud. (FAC ¶44.)

With respect to the promissory note, Plaintiff alleges that it contains sufficient space on it for endorsement such that any assignment by allonge is ineffective. (FAC ¶45.)

Plaintiff further alleges that Defendant lacks standing to enforce a non-judicial foreclosure because it was not a party to the original loan transaction and therefore cannot proceed with the foreclosure and Trustee's Sale. (FAC ¶¶47-48.) Rather, Plaintiff asserts that First Franklin Financial Corporation, as the original lender, is the only party entitled to enforce the note. (FAC ¶50.) According to Plaintiff, the Contra Costa County Recorder's Office does not have any recorded assignment of the note from First Franklin Financial to another entity. (FAC ¶¶53, 54.)

Based on the foregoing allegations, Plaintiff asserts that he suffered damages, including monetary losses, mental and emotional distress, and possible loss of his residence. (FAC ¶¶71-74.) He asserts the following claims for relief: (1) violation of California Civil Code Section 2923.6; (2) violation of California Civil Code Section 1788.17; and (3) violation of California Civil Code Section 1572. Plaintiff also seeks declaratory relief in the form of ruling that Defendant has no right to foreclose on the Property, and injunctive relief enjoining Defendant from foreclosing on the Property.

Defendant now moves to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Rule 8, which provides the standard for judging whether such a cognizable claim exists, requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a motion to dismiss, a complaint need not provide detailed factual allegations. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

In reviewing a motion to dismiss, the court may also consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). In addition, the court may consider a matter that is properly the subject of judicial notice, such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay,

bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

## III. DISCUSSION

Defendant contends that Plaintiff's First Amended Complaint fails to state a legally viable claim and should therefore be dismissed in its entirety. Alternatively, Defendant argues that the allegations in Plaintiff's First Amended Complaint are vague and uncertain, and therefore requests that the Court order Plaintiff to provide a more definite statement pursuant to Rule 12(e). Because the Court finds Defendant's 12(b)(6) challenges dispositive, it turns to those arguments first.

### A. 12(b)(6) Challenges

#### 1. California Civil Code Section 2923.6

Plaintiff first claims that Defendant has a moral, contractual, and legal obligation to accept a loan modification pursuant to the terms Plaintiff has proposed, and by failing to do so, Defendant violated California Civil Code Section 2923.6.

Section 2923.6, entitled "Legislative findings and declarations; pooling and servicing agreements; loan modification or workout plan," provides in pertinent part:

> (a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply:
>
> (1) The loan is in payment default, or payment default is reasonably foreseeable.
>
> (2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.
>
> (b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such modification or plan is consistent with its contractual or other authority.
>
> [ . . . .]

Defendant contends that, to the extent that Plaintiff's claim under Section 2923.6 is based

upon the alleged failure to make an attempt to pursue a reasonable modification, the claim fails because Section 2923.6 does not mandate or require that a loan modification be offered to Plaintiff. (Mot. at 5.) Further, Defendant asserts that dismissal is warranted because Section 2923.6 does not provide for a private cause of action. In his Opposition, Plaintiff has failed to proffer any substantive arguments addressing these challenges. After reviewing the body of case law analyzing these challenges under Section 2923.6, the Court agrees with Defendant.

First, as Defendant correctly points out, there is no language in Section 2923.6 imposing a duty on lenders to negotiate loan modifications. *See, e.g.*, *Farner v. Countrywide Home Loans*, No. CV 08-2193, 2009 WL 189025, at *2 (S.D. Cal. Jan. 26, 2009); *Anaya v. Advisors Lending Group*, 2009 WL 2424037, at *8 (E.D. Cal. Aug. 5, 2009) ("Indeed, the statutory language does not require an offer or acceptance of a modification of a loan."); *Pantoja v. Countrywide Home Loans, Inc.*, No. CV 09-1615, 2009 WL 2423703, at *7 (N.D. Cal. July 18, 2009); *Tapia v. Aurora Loan Servs.*, No. CV 09-1143, 2009 WL 2705853, at *2 (E.D. Cal. Aug. 25, 2009); *Lopez v. Equifirst Corp.*, No. CV 09-1290, 2009 WL 3233912, at *3 (E.D. Cal. Oct. 2, 2009).

Second, Plaintiff has not proffered any authority, and the Court has found none, conclusively holding that Section 2923.6 creates a private right of action for borrowers such as Plaintiff. Rather, as numerous other district courts have recognized, there is nothing in the language of Section 2923.6 suggesting that it creates a private right of action for purported violations of its provisions. *See, e.g.*, *Farner*, 2009 WL 189025 at *2; *Anaya*, 2009 WL 2423037 at *8; *Tapia*, 2009 WL 2705853 at *2; *Lopez*, 2009 WL 3233912, at *3.

Taken together, because Section 2923.6 neither requires Defendant to offer or accept a modification of Plaintiff's loan, and does not authorize a right of action for borrowers who are not given loan modifications, Plaintiff's claim against Defendant under this Section fails as a matter of law. The Court will therefore **GRANT** Defendant's Motion to dismiss this claim.

2. California Civil Code Section 1788.17

In his second claim, Plaintiff asserts that Defendant has violated California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA") by: (1) engaging in harassing, oppressive, and abusive

conduct in connection with the collection of a debt (FAC ¶90(a)); (2) misrepresenting the status of the debt (FAC ¶90(b)); (3)using unfair or unconscionable means to collect or attempt to collect a debt (FAC ¶90(c)); and (4) using deceptive means to collect or attempt to collect a debt from Plaintiff (FAC ¶90(d)). Additionally, Plaintiff alleges that Defendant has "maliciously attempted to collect a debt, and [Defendant has] not proved that [it is] the holder[] of the promissory note, which means [it was] attempting to collect a debt with no security interest." (FAC ¶95.)

Defendant moves to dismiss Plaintiff's claim on the ground that Plaintiff has only set forth conclusory allegations as to Defendant's purportedly wrongful conduct. (Mot. at 6.) Defendant also argues that Plaintiff's claim is subject to dismissal because Plaintiff has not and cannot allege any facts showing that Defendant engaged in debt collection, as is required under the RFDCPA. (Mot. at 6.) The Court finds Defendant's latter argument dispositive.

The RFDCPA prohibits "debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts." Cal. Civ. Code § 1788.1(b). Here, Plaintiff's claim is founded on Defendant's conduct in connection with the foreclosure on the property. However, foreclosure on a property as a security on a debt does not constitute debt collection activity under the RFDCPA. *See, e.g., Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); *Champlaie v. BAC Home Loans Servicing, LP*, No. S 09-1316, 2009 WL 3429622, at *18 (E.D. Cal. Oct. 22, 2009); *Tapia*, 2009 WL 2705853, at *2; *Gamboa v. Trustee Corps*, No C 09-0007, 2009 WL 656285, at *4 (N.D. Cal. March 12, 2009); *Gaitan v. Mortgage Elec. Registration Sys.*, No. EDCV 09-1009, 2009 WL 3244729, at *10 (C.D. Cal. Oct. 5, 2009). Consequently, because the alleged conduct does not fall within the Act's proscriptions, Plaintiff's claim fails as a matter of law. The Court will therefore **GRANT** Defendant's Motion to dismiss this claim.

3. California Civil Code Section 1572

In his third claim, Plaintiff asserts that Defendant committed fraud in violation of California Civil Code Section 1572. Federal Rule of Civil Procedure 9(b) provides that: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

These circumstances include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). As Defendant correctly points out, Plaintiff has not set forth detailed allegations regarding the circumstances of Defendant's allegedly fraudulent conduct. At the hearing, Plaintiff indicated that he could provide additional facts in support of his fraud claim, but would need additional time to gather such information. Accordingly, following the hearing, the Court issued an Order granting Plaintiff leave to file a supplemental brief setting forth any additional facts he wishes the Court to consider in support of his fraud claim. (Dkt. #28.) Plaintiff, however, did not file any supplemental brief by the stated deadline. Consequently, because Plaintiff has failed to plead his fraud claim with particularity and has not submitted any additional facts suggesting that he can cure such defects, the Court will **GRANT** Defendant's Motion with respect to this claim.

4. Request for Declaratory and Injunctive Relief

Plaintiff requests declaratory relief in the form of a decision holding that Defendant lacks the ability or right to foreclose on Plaintiff's home because Defendant has failed to produce the original promissory note. Pursuant to California Civil Code section 2924(a)(1), non-judicial foreclosure proceedings can be instituted by "the trustee, mortgagee, or beneficiary, or any of their authorized agents," by filing a notice of default with the office of the recorder. Three months after the filing of the notice of default, a notice of sale may be given by "the mortgagee, trustee, or other person authorized to take the sale." Cal. Civ. Code § 2924(a)(3). While Plaintiff contends that Defendant must produce the original note in order to conduct the non-judicial foreclosure proceedings, section 2924 does not impose such a requirement. *See Tapia*, 2009 WL 2705853, at *5; *Sicarios v. NDEX West, LLC*, 2009 WL 385855, at *3 (S.D. Cal. 2009); *Farner*, 2009 WL 189025, at *2; *Gamboa*, 2009 WL 656285, at *4; *Gonzales v. DHI Mortgage Co.*, No. C 09-1798, 2009 WL 4723363, at *8 (N.D. Cal. Dec. 4, 2009); *Reynoso v. Paul Fin., LLC*, No. 09-3225, 2009 WL 3833298 (N.D. Cal. Nov. 16, 2009). Plaintiff has therefore failed to show that he is entitled to declaratory relief.

Plaintiff also seeks injunctive relief in the form of an order enjoining Defendant from

UNITED STATES DISTRICT COURT
For the Northern District of California

foreclosing on the property. To be entitled to such relief, Plaintiff bears the burden of demonstrating: (1) that he is likely to succeed on the merits of his claims, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *See Winter v. Nat'l Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 374 (2008). Because Plaintiff has failed to plead a viable claim, he cannot make the threshold showing that he is likely to succeed on the merits of his claims. Accordingly, there is no basis upon which this Court may grant injunctive relief.

**B. Defendant's Motion Pursuant to Rule 12(e)**

Defendant has also moved for a more definite statement pursuant to Rule 12(e), arguing that the First Amended Complaint "is replete with conclusory allegations, legal citations and lengthy recitations of California Legislative findings[.]" Given that Defendant was able to draft a 12(b)(6) motion challenging each of Plaintiff's claims and allegations, the Court fails to see how the First Amended Complaint was so "vague or ambiguous" that Defendant could not prepare a response, necessitating a more definite statement pursuant to Rule 12(e). The Court therefore **DENIES** Defendant's 12(e) request.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. The Court **DENIES** Defendant's Motion for a More Definite Statement pursuant to Rule 12(e). The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: December 17, 2009

Maria-Elena James
Chief United States Magistrate Judge